IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-553-SEH-2 |
| AMANDA IRENE SMITH, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is the "Amended Defendant Amanda Irene Smith's Second Motion for Judgment of Acquittal and/or New Trial Pursuant to Fed. R. Crim. P. Rules 29, 33, 45, or in the Alternative, a Rule 35 Correction of Sentence" (the "Motion"). [ECF No. 246].[1] For the reasons provided below, the motion is DENIED.

### Background/Procedural History

A federal grand jury charged Defendant in Counts 3 and 4 of the Superseding Indictment with:

- Child Abuse in Indian Country in violation of 18 U.S.C. §§ 1151, 1152, 13 and 2; 21 O.S. § 843.5(A); and

---

[1] Defendant initially filed her motion on July 24, 2024, [ECF No. 246]. Given that Defendant filed an amended motion, the Court finds [ECF No. 245] MOOT.

- Child Neglect in Indian Country in violation of 18 U.S.C. §§ 1151, 1152, 13, and 2; 21 O.S. § 843.4(C).

[ECF No. 85 at 3–4]. A jury found Defendant guilty as to Counts 3 and 4 on June 23, 2023. [ECF No. 188]. Defendant filed her first motion under Rules 29 and 33 on August 8, 2023. [ECF No. 194]. Defendant's first round of Rule 29 and 33 motions raised different issues than the ones now before the Court. The August 8, 2023, motions were denied. [ECF No. 208].

The Court sentenced Defendant on July 10, 2024, to a term of 240 months of imprisonment to be followed by a term of 3 years of supervised release. [ECF No. 238]. Judgment was entered on July 15, 2024. [ECF No. 240].

Three days later, the United State Court of Appeals for the Tenth Circuit entered an order and judgment in *United States of America v. Shell*, No. 23-5086, 2024 WL 3455033 (10th Cir. July 18, 2024). The Tenth Circuit noted that the "order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel." *Id.* at *1 n.*. In *Shell*, the defendant was charged with and pled guilty to "one count of Child Abuse in Indian Country in violation of 18 U.S.C. §§ 1151, 1152, and 13, and Okla. Stat. tit. 21, § 843.5(A) (2021)." *Id.* at *1. The defendant moved to dismiss on the basis that the Oklahoma "child abuse statute should not be assimilated under the Assimilative Crimes Act ("ACA")." *Id.* The district court denied the motion, but the Tenth Circuit reversed "[b]ecause

2

assimilating the assault provisions of Oklahoma's child abuse statute would violate *Lewis v. United States*, 118 S. Ct. 1135 (1998)." *Id.*[2] Following the Tenth Circuit's decision in *Shell*, Defendant filed the Motion for relief under Fed. R. Crim. P. 29, 33, 35, & 45. [ECF No. 246].

## Applicable Standards

### I. Rule 29

Fed. R. Crim. P. 29 allows a trial court to enter a judgment of acquittal both before and after a jury renders a verdict. On a defendant's motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The critical question is "whether any rational jury could have found guilt beyond a reasonable doubt." *United States v. Dahda*, 853 F.3d 1101, 1106 (10th Cir. 2017). In making this evaluation, the court considers "all of the evidence, direct and circumstantial, along with reasonable inferences." *Id.* However, the court does not weigh the evidence or consider witness credibility. *Id.* If a motion is made under Rule 29 after a jury verdict, the defendant may make a motion "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). Courts may consider untimely motions when "the failure to file it on time was the result of

---

[2] Notably, though not outcome-determinative here, the Tenth Circuit left open the question of "whether Oklahoma's child abuse statute was divisible." *Id.* at *3 n.5.

excusable neglect." Fed. R. Crim. P. 29 advisory committee's notes to 2005 amendment.

## II. Rule 33

Upon a defendant's motion, the court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to grant a new trial is a matter of discretion for the trial court. *United States v. Jordan*, 806 F.3d 1244, 1252 (10th Cir. 2015) (reviewing the denial of a motion for new trial for abuse of discretion). However, if a motion for new trial is based on newly discovered evidence, the motion "is not favorably regarded and should be granted only with great caution." *Id.* (internal quotation marks omitted) (quoting *United States v. McCullough*, 457 F.3d 1150, 1167 (10th Cir. 2006)). To succeed on a motion for new trial based on newly discovered evidence, a defendant must prove:

> (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by [his or her] own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*Id.* (citation omitted).

If the motion for new trial is made on the grounds of newly discovered evidence, it "must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). If the motion is made on any other basis, it "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). This time limit is not jurisdictional. *See U.S. v. Lefall*, No. No. 13–CR–208–JHP, 2015 WL 3649458, at *8 (N.D. Okla. June 11, 2015) (citing *Eberhart v. United States*, 546 U.S. 12 (2005)).

4

### III. Rules 35 & 45

The Court may also, "[w]ithin 14 days after sentencing, . . . correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Notably, "[a]s used in this rule, 'sentencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c). The 14-day time limit under this rule is jurisdictional, so it cannot be extended. *U.S. v. McGaughy*, 670 F.3d 1149, 1157–58 (10th Cir. 2012); *see also* Fed. R. Crim. P. 35 advisory committee notes to 1985 amendment; Fed. R. Crim. P. 45(b)(2). This is the case even if a Rule 35 motion is timely filed. *United States v. Coleine*, Nos. L:23-PO-00878-ABJ & L:23-PO-00879-ABJ, 2024 WL 3047651, at *2 (D. Wyo. June 18, 2024) (citing *McGaughy*, 670 F.3d at 1157).

Fed. R. Crim. P. 45(b) further provides: "When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made: (A) before the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of excusable neglect." The Tenth Circuit has not adopted a strict definition for "excusable neglect." This term is "a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993) (discussing excusable neglect in the context of Fed. R. Civ. P. 6(b)). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's

5

omission." *Id.* at 395. The factors a court can consider when determining whether to grant a permissive extension of time under Fed. R. Civ. P. 45 include: "(1) the danger of prejudice to [the opposing party], (2) the length of delay and its potential impact on the proceedings, (3) the reason for delay, including whether it was within [moving party's] reasonable control and (4) whether [moving party] acted in good faith." *United States v. Anderson*, No. 23-cr-10010-EFM, 2023 WL 7091935, at *1 (D. Kan. Oct. 26, 2023) (quoting *Pioneer Inv. Services Co.*, 507 U.S. at 395); *see also Combs v. AAA Club Alliance, Inc.* No. 23-CV-18-JHP-JFJ, 2023 WL 2432019, at *1 (N.D. Okla. March 9, 2023) (applying the same factors in the Fed. R. Civ. P. 6(b) context).

## Analysis

### I. The Parties' Arguments

Defendant was convicted on two separate counts under Oklahoma's child abuse statute, Okla. Stat. tit. 21, §§ 843.5(A) & 843.5(C). [ECF No. 246 at 2]. In *United States v. Shell*, the defendant pled guilty to one count under Okla. Stat. tit. 21, § 843.5(A). 2024 WL 3455033, at *1. Because the Tenth Circuit determined that "assimilating the assault provisions of Oklahoma's child abuse statute would violate *Lewis v. United States*, 118 S. Ct. 1135 (1998)," *Id.*, Defendant argues that the Court must now consider her motions for acquittal or new trial, and that those motions "should be applied in the dismissal of Court [sic] Three, as well as Count Four." [ECF No. 246 at 10].

Defendant further argues that, in the alternative, the Court should resentence her under Rule 35. [*Id.*].

Although more than 14 days passed between the time the guilty verdict was entered and the date the Defendant filed the Motion under Rules 29 & 33, Defendant argues that the Court should consider the motion due to excusable neglect. Defendant cites several reasons why the Motion should be considered out of time, but she primarily points to the fact that the Tenth Circuit's decision in *Shell* did not come until after she was sentenced.

The government's main argument in response is that the *Shell* decision is not "newly discovered evidence" that would justify relief under Rules 29 & 33. [ECF No. 255 at 2–4]. The government also argues that, alternatively, the litigation should be stayed pending a final decision in *Shell* because even though the Tenth Circuit ruled on "the assaultive provisions of Oklahoma's child abuse statute," the court did not rule on "Oklahoma's child neglect prohibitions." [*Id.* at 4–5].

## II.  Discussion

At the outset, the Court notes that because more than 14 days have passed since Defendant was sentenced, the Court lacks jurisdiction to alter her sentence under Fed. R. Crim. P. 35. *U.S. v. McGaughy*, 670 F.3d 1149, 1157–58 (10th Cir. 2012). Therefore, the Court denies Defendant's request to alter her conviction under Rule 35.

As for Defendant's motion under Fed. R. Civ. P. 29 & 33, Defendant was convicted more than one year ago, well over the 14 days allowed under the rules. What is more, the Tenth Circuit's decision in *Shell* is not binding on this Court, 2024 WL 3455033, at *1 n.*, and the appellate proceedings have not concluded. Mandate has not issued, and the time to file a petition for a rehearing *en banc* has been extended to September 3, 2024. *United States v. Shell*, No. 23-5086 [Doc. No. 010111086279] (10th Cir. July 29, 2024). While the timing of the Tenth Circuit's decision in *Shell* was not within Defendant's control, the underlying arguments were available to her when she filed her first round of motions. The Court also agrees that the decision in *Shell* is not "newly discovered evidence" that would traditionally justify a new trial or acquittal.[3] All of these factors lead the Court to conclude that the Motion should be denied. Of course, nothing in this opinion and order alters Defendant's appellate and post-conviction rights.

## Conclusion

IT IS THEREFORE ORDERED that the "Amended Defendant Amanda Irene Smith's Second Motion for Judgment of Acquittal and/or New Trial Pursuant to Fed. R. Crim. P. Rules 29, 33, 45, or in the Alternative, a Rule 35 Correction of Sentence," [ECF No. 246], is DENIED.

---

[3] The Court also notes that granting Defendant a new trial under Fed. R. Crim. P. 33 would not seem to give her the relief she is really asking for. Defendant is not saying that there was some evidentiary error in the trial. Rather, she is saying she cannot be prosecuted in federal court under Oklahoma's child abuse statue.

8

DATED this 12th day of August, 2024.

                                              Sara E. Hill
                                              UNITED STATES DISTRICT JUDGE